**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X     Case No.
JACOBO SOTO,

                         Plaintiff,

         - against -                        **COMPLAINT**

AMIGO 99 CENTS OF GRAHAM, INC., and
ZHIHUI LU, *Individually*,

                         Defendants.
------------------------------------------------------------------------X

      Plaintiff, JACOBO SOTO, by and through his attorneys, NISAR LAW GROUP, P.C.,

hereby complains of Defendants, upon information and belief, as follows:

**NATURE OF THE CASE**

1.      Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201, *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19

("NYLL") for failure to pay minimum wage and overtime wages due and owed for hours

worked in excess of forty (40) hours per workweek.  As a result of Defendants' violations

of the FLSA and NYLL, Plaintiff is entitled to: (a) the full amount of underpayment, (b)

attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as

liquidated damages equal to one hundred percent of the total amount of the wages found

to be due.

2.      Plaintiff also complains pursuant to the Wage Theft Prevention Act, New York Labor

Law § 195, *et seq.,* and seeks to redress the damages he has suffered as a result of

Defendants' failure to provide him with written notice of wage rates and paystubs.

**JURISDICTION AND VENUE**

3.      Jurisdiction of this Court is proper under Section 216(b) of the FLSA (29 U.S.C. § 216

(b)) and 28 U.S.C. §§ 1331 and 1343.

4.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PARTIES

6.    At all times relevant, Plaintiff JACOBO SOTO ("Plaintiff") has been a resident of the State of New York and Queens County.

7.    At all times relevant, Defendant AMIGO 99 CENTS OF GRAHAM, INC. ("AMIGO 99 CENTS") was and is a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 119 Graham Avenue, Brooklyn, New York 11206.

8.    At all times relevant, Plaintiff has been a full-time employee of Defendant AMIGO 99 CENTS and has worked at Defendant AMIGO 99 CENTS's retail store.

9.    At all times relevant, Defendant ZHIHUI LU ("LU") is an employee of Defendant AMIGO 99 CENTS, holding the position of "Owner."

10.   At all times relevant, Defendant LU is Plaintiff's supervisor and has had supervisory authority over Plaintiff.

11.   At all times relevant, Defendant AMIGO 99 CENTS and Defendant LU are together referred to herein as "Defendants."

12.   At all times relevant, Defendants have had the power to, and have been responsible for, determining the wages to be paid to Plaintiff.

13.  At all times relevant, Defendants have had the power to, and have in fact, established the terms of Plaintiff's employment, including Plaintiff's duties, schedule, and rate of pay.

14.  The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work.  As a result, including as further described below, both Defendants are liable as "employers" under the FLSA.

15.  Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

16.  Upon information and belief, Defendants are engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and has employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and has an annual gross volume of sales of not less than $500,000.00.

17.  Further, upon information and belief, during Plaintiff's employment with Defendants, Plaintiff has routinely engaged in activities which facilitate or relate to interstate or foreign commerce.

## MATERIAL FACTS

18.  In or around 2014, Plaintiff began working for Defendants as a "Store Associate."

19.  Throughout his employment, Plaintiff has been regularly scheduled to work from 9:00 AM to 8:00 PM (i.e., eleven (11) hours per day), six (6) days per week.  Thus, Plaintiff has regularly and habitually worked approximately sixty-six (66) hours per week for Defendants.

20.  At all times relevant, the work performed by Plaintiff has required no capital investment

by him.

21.    Insofar as is relevant, from December 31, 2013 to December 31, 2014, the New York State minimum wage was $8.00 per hour.  From December 31, 2014 to December 31, 2015, it was $8.75 per hour.  From December 31, 2015 to December 31, 2016, it was $9.00 per hour.  From December 31, 2016 to December 31, 2017, the New York State minimum wage for small employers in New York City was $10.50 per hour.  From December 31, 2017 to December 31, 2018, it was $12.00 per hour.  From December 31, 2018 to December 31, 2019, it was $13.50 per hour, and since December 31, 2019, it has been $15.00 per hour.

22.    However, throughout Plaintiff's employment, Defendants have wholly failed to compensate Plaintiff at the proper minimum wage rate, in violation of the FLSA and NYLL.

23.    Further, as Plaintiff has been a non-exempt employee, he should have been paid time-and-one-half his regular hourly rate for each hour of overtime that Plaintiff has worked each week.  However, although Defendants have regularly required Plaintiff to work overtime, Defendants have wholly failed to compensate him at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

24.    By way of example, from on or about December 31, 2014 to on or about December 31, 2015 ("Year 2015"), Defendants paid Plaintiff approximately $550.00 each week, which amounts to approximately $8.34 per hour.  However, during this period, the New York State minimum wage was $8.75 per hour.  Accordingly, during Year 2015, Defendants underpaid Plaintiff **$852.80** for all regular non-overtime hours (i.e., the first 40 hours)

worked (52 wks. x $0.41 ($8.75 - $8.34) x 40 hrs./wk.).

25.     Further, during Year 2015, Plaintiff worked approximately twenty-six (26) hours per week of overtime.  The overtime rate during this period was one and one-half times the minimum wage ($13.13/hr.).  Accordingly, Defendants underpaid Plaintiff **$6,476.08** for all overtime hours worked during Year 2015 (52 wks. x $4.79/hr. ($13.13 - $8.34) x 26 OT hrs./wk.).

26.     From on or about December 31, 2015 to on or about December 31, 2016 ("Year 2016"), Defendants paid Plaintiff approximately $550.00 each week, which amounts to approximately $8.34 per hour.  However, during this period, the New York State minimum wage was $9.00 per hour.  Accordingly, during Year 2016, Defendants underpaid Plaintiff **$1,372.80** for all regular non-overtime hours (i.e., the first 40 hours) worked (52 wks. x $0.66 ($9.00 - $8.34) x 40 hrs./wk.).

27.     Further, during Year 2016, Plaintiff worked approximately twenty-six (26) hours per week of overtime.  The overtime rate during this period was one and one-half times the minimum wage ($13.50/hr.).  Accordingly, Defendants underpaid Plaintiff **$6,976.32** for all overtime hours worked during Year 2016 (52 wks. x $5.16/hr. ($13.50 - $8.34) x 26 OT hrs./wk.).

28.     From on or about December 31, 2016 to on or about December 31, 2017 ("Year 2017"), Defendants paid Plaintiff approximately $550.00 each week, which amounts to approximately $8.34 per hour.  However, during this period, the New York State minimum wage for small employers in New York City was $10.50 per hour. Accordingly, during Year 2017, Defendants underpaid Plaintiff **$4,492.80** for all regular non-overtime hours (i.e., the first 40 hours) worked (52 wks. x $2.16 ($10.50 - $8.34) x

40 hrs./wk.).

29.     Further, during Year 2017, Plaintiff worked approximately twenty-six (26) hours per week of overtime.  The overtime rate during this period was one and one-half times the minimum wage ($15.75/hr.).  Accordingly, Defendants underpaid Plaintiff **$10,018.32** for all overtime hours worked during Year 2017 (52 wks. x $7.41/hr. ($15.75 - $8.34) x 26 OT hrs./wk.).

30.     From on or about December 31, 2017 to on or about December 31, 2018 ("Year 2018"), Defendants paid Plaintiff approximately $550.00 each week, which amounts to approximately $8.34 per hour.  However, during this period, the New York State minimum wage for small employers in New York City was $12.00 per hour. Accordingly, during Year 2018, Defendants underpaid Plaintiff **$7,612.80** for all regular non-overtime hours (i.e., the first 40 hours) worked (52 wks. x $3.66 ($12.00 - $8.34) x 40 hrs./wk.).

31.     Further, during Year 2018, Plaintiff worked approximately twenty-six (26) hours per week of overtime.  The overtime rate during this period was one and one-half times the minimum wage ($18.00/hr.).  Accordingly, Defendants underpaid Plaintiff **$13,060.32** for all overtime hours worked during Year 2018 (52 wks. x $9.66/hr. ($18.00 - $8.34) x 26 OT hrs./wk.).

32.     From on or about December 31, 2018 to on or about July 1, 2019 ("Year 2019 Part 1"), Defendants paid Plaintiff approximately $550.00 each week, which amounts to approximately $8.34 per hour.  However, during this period, the New York State minimum wage for small employers in New York City was $13.50 per hour. Accordingly, during Year 2019 Part 1, Defendants underpaid Plaintiff **$5,366.40** for all

regular non-overtime hours (i.e., the first 40 hours) worked (26 wks. x $5.16 ($13.50 - $8.34) x 40 hrs./wk.).

33.     Further, during Year 2019 Part 1, Plaintiff worked approximately twenty-six (26) hours per week of overtime.  The overtime rate during this period was one and one-half times the minimum wage ($20.25/hr.).  Accordingly, Defendants underpaid Plaintiff **$8,051.16** for all overtime hours worked during Year 2019 Part 1 (26 wks. x $11.91/hr. ($20.25 - $8.34) x 26 OT hrs./wk.).

34.     From on or about July 1, 2019 to on or about December 31, 2019 ("Year 2019 Part 2"), Defendants raised Plaintiff's rate of pay to approximately $720.00 each week, which amounts to approximately $10.91 per hour.  However, during this period, the New York State minimum wage for small employers in New York City was $13.50 per hour.  Accordingly, during Year 2019 Part 2, Defendants underpaid Plaintiff **$2,693.60** for all regular non-overtime hours (i.e., the first 40 hours) worked (26 wks. x $2.59 ($13.50 - $10.91) x 40 hrs./wk.).

35.     Further, during Year 2019 Part 2, Plaintiff worked approximately twenty-six (26) hours per week of overtime.  The overtime rate during this period was one and one-half times the minimum wage ($20.25/hr.).  Accordingly, Defendants underpaid Plaintiff **$6,313.84** for all overtime hours worked during Year 2019 Part 2 (26 wks. x $9.34/hr. ($20.25 - $10.91) x 26 OT hrs./wk.).

36.     Lastly, from on or about December 31, 2019 to on or about September 28, 2020 ("Year 2020") (i.e., a period of approximately 39 weeks), Defendants had raised Plaintiff's rate of pay to approximately $720.00 each week, which amounts to approximately $10.91 per hour.  However, during this period, the New York State minimum wage for small

employers in New York City was $15.00 per hour.  Accordingly, during Year 2020, Defendants has underpaid Plaintiff **$6,380.40** for all regular non-overtime hours (i.e., the first 40 hours) worked (39 wks. x $4.09 ($15.00 - $10.91) x 40 hrs./wk.).

37.   Further, during Year 2020, Plaintiff worked approximately twenty-six (26) hours per week of overtime.  The overtime rate during this period was one and one-half times the minimum wage ($22.50/hr.).   Accordingly, Defendants has underpaid Plaintiff **$11,752.26** for all overtime hours worked during Year 2020 (39 wks. x $11.59/hr. ($22.50 - $10.91) x 26 OT hrs./wk.).

38.   As a result, due to Defendants' violations of the FLSA and NYLL, Plaintiff is owed a total of **$91,419.90 in unpaid wages** ($852.80 + $6,476.08 + $1,372.80 + $6,976.32 + $4,492.80 + $10,018.32 + $7,612.80 + $13,060.32 + $5,366.40 + $8,051.16 + $2,693.60 + $6,313.84 + $6,380.40 + $11,752.26) for work performed for Defendants.

39.   Furthermore, Defendants have never provided Plaintiff with any sort of written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor, allowances taken as part of the minimum wage (including, inter alia, tips).

40.   Defendants have also never provided Plaintiff with a detailed paystub each time Defendants paid him.

41.   In fact, Defendants have always paid Plaintiff in cash each week without any withholdings or payroll deductions, in violation of the NYLL.

42.   Plaintiff has been damaged by Defendants' failure to pay his lawfully earned wages.

43.   Defendants' failure to pay Plaintiff his earned wages required by law has been willful.

44.    Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff demands Liquidated Damages as against both Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**MINIMUM WAGE**

45.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

46.    Defendants have willfully employed Plaintiff in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for his employment.

47.    Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

48.    Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

49.    Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

**AS A SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW § 652(1)**
**MINIMUM WAGE**

50.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

51.    Plaintiff has been an employee of Defendants within the meaning of the NYLL.

52.    Defendants have failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

53.    Defendants have violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

54. Defendants have also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

55. Defendants' actions have been willful.

56. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wage in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

### AS A THIRD CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### OVERTIME

57. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

58. Defendants have willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which he was employed.

59. Defendants have failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. § 201, *et seq.*, and its implementing regulations.

60. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. § 207.

61. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week has been willful within the meaning of 29 U.S.C. § 255.

62. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer a loss of wages.

**AS A FOURTH CAUSE OF ACTION**
**VIOLATION OF NEW YORK LABOR LAW**
**OVERTIME**

63.   Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

64.   Defendants have employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

65.   Defendants have failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL § 170.

66.   Defendants have violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

67.   Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

68.   Defendants' failure to pay proper overtime wages has been willful.

69.   Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

**AS A FIFTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW**
**WAGE NOTICE REQUIREMENT**

70.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

71.   The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

72.   Defendants have intentionally failed to provide notice to Plaintiff in violation of NYLL §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on her first day of employment.

73.   Defendants not only failed to provide notice to Plaintiff at time of hire, but failed to provide notice to Plaintiff even after the fact.

74.   Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL § 198(1-b).

**AS A SIXTH CAUSE OF ACTION
VIOLATION OF NEW YORK LABOR LAW
NEW YORK PAYSTUB REQUIREMENT**

75.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

76.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

77.   Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff and have not provided a paystub on or after Plaintiff's

payday.

78.     Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants $250 for each workday of the violation, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL § 198(1-d).

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A.   Declaring that Defendants have engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff his earned wages at the proper minimum wage and overtime rates;

B.   Declaring that Defendants have engaged in unlawful employment practices prohibited by the NYLL by failing to give proper wage notice and paystubs;

C.   Awarding damages to Plaintiff for all unpaid wages due under the FLSA and the NYLL;

D.   Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage notice and paystubs as required under the NYLL;

E.   Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay wages;

F.   Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated:  New York, New York
           September 28, 2020

                                                    **NISAR LAW GROUP, P.C.**

                                    By:  _____
                                                    Casey Wolnowski, Esq.

*Attorneys for Plaintiff*
570 Lexington Ave., 16th Floor
New York, New York 10022
Ph: (646) 449-7210
Fax: (877) 720-0514
Email: cwolnowski@nisarlaw.com